IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KRZYSZTOF JESSE, *et al.*,
        Plaintiffs,

v.                                                Civil Action No. 3:12cv248-JAG

WELLS FARGO HOME MORTGAGE, *et al.*,
        Defendants.

### **MEMORANDUM OPINION**

In this case, the plaintiffs contend that the foreclosure sale of their home violated their rights under federal and state law. The matter is before the Court on the motions to dismiss filed by the defendants in this case, Wells Fargo Home Mortgage ("Wells Fargo"), Equity Trustees, LLC ("Equity"), and BWW Law Group, LLC ("BWW"). The *pro se* plaintiffs were provided with the appropriate notice pursuant to *Roseboro v. Garrison* and were informed of their right to respond to the motions within twenty-one days of filing. 528 F.2d 309, 310 (4th Cir. 1975). Those deadlines passed without any response from the plaintiffs.

The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid in the decisional process. For the reasons stated herein, the defendants' motions to dismiss will be granted. All of the plaintiffs' claims against the defendants will be dismissed with prejudice for failure to state a claim, except their RESPA allegations against Wells Fargo involving the Qualified Written Request. The RESPA claim against Wells Fargo will be dismissed without prejudice for lack of ripeness.

## I. Proceedings

In response to the foreclosure sale of their home (the "Property"), the plaintiffs' filed a Petition for Temporary Injunction ("the Complaint") in Spotsylvania Circuit Court on February 21, 2012.[1] On April 4, 2012, the defendants removed the suit to this Court on diversity grounds. The defendants filed motions to dismiss the entire Complaint on April 11 and 12, 2012.

## II. Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 557). Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[1] The Court will treat the plaintiff's Petition for Temporary Injunction as a complaint seeking preliminary and permanent injunctive relief.

### III. The plaintiffs' claims

The Court has interpreted the Complaint in this case as a prayer for injunctive relief based upon the violation of two statutes. First, the plaintiffs assert that the defendants' "actions violate [the plaintiffs'] rights to make requests under The Fair Debt Collection Practices Act," ("FDCPA"). (Compl. ¶ 9.); *see* 15 U.S.C. § 1692(g). Second, the plaintiffs claim that the defendants violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to the plaintiffs' Qualified Written Request ("QWR") of February 10, 2012. *See* 12 U.S.C. § 2605(e). Stemming from the second claim, the plaintiffs contend that their home foreclosure was void because the defendants did not show they were the mortgage note holders at the time of the foreclosure. Additionally, the plaintiffs argue that because the defendants already "likely" received insurance payments on the default as well as FDIC reimbursement, they gained an impermissible double recovery in violation of the holding in *Nizan v. Wells Fargo*, 274 Va. 481 (2007). (Compl. ¶ 8.)

### IV. Analysis

#### A. The FDCPA, Double Recovery, and "Show Me the Note" Claims

Here, the plaintiffs request the Court to enjoin the defendants from further action to deprive the plaintiffs of their home. At the preliminary stage, the law requires that the plaintiffs establish they are likely to succeed on the merits of their case to grant such an injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that, ultimately, the plaintiffs have failed to allege sufficient facts to state a plausible entitlement to relief with respect to their FDCPA, double recovery, and the "show me the note" claims. As such, these claims are ineligible for injunctive relief and must be dismissed with prejudice as to all defendants.

### i. *The FDCPA claim cannot stand as a matter of law*

First, the plaintiffs state that the defendants' actions violated their right to make requests under the FDCPA. "[M]ortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mrtg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) *aff'd*, 67 F. App'x 238 (4th Cir. 2003). Here, Wells Fargo is a servicer of residential mortgage loans, not a debt collector (Compl. Ex. 1.), and is, therefore, exempt from the FDCPA. *Id.* at 718. Equity and BWW are also exempt as trustees that receive statutory exceptions from liability under the FDCPA. *See Horvath v. Bank of New York*, No. 1:09-cv-1129, 2010 WL 538039, at *3 (E.D. Va. 2010) *aff'd* 641 F.3d 617 (4th Cir. 2011). In addition to the defendants' exemptions from the FDCPA, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The plaintiffs' argument contains no facts whatsoever, and their claim merely recites the law with a bald assertion that the defendants violated it. They failed to proffer any facts to support their claim that the defendants prevented them from making a request under the FDCPA. They do not claim they even attempted to make such a request or demonstrate how the defendants did anything to prevent such action. Without any factual matter or substance, the claim is not plausible. *Iqbal*, 556 U.S. at 678; *Horvath*, 2010 WL 538039, at *3.

### ii. *The plaintiffs' "show me the note" claim fails under Virginia law*

Next, the plaintiffs argue that the defendants lacked "standing" to foreclose upon the Property because the securitization of the mortgage made it such that the defendants cannot show they were the holder of the applicable note at the time of the sale. In support of their claim, the plaintiffs cite *U.S. Bank v. Ibanez*, 458 Mass. 637, 648-51 (2011). Under Virginia law, however, "the fact that the instrument is lost or cannot be produced shall not affect the authority of the

trustee to sell or the validity of the sale." Va. Code § 55-59.1. Virginia has a "well established status as a non-judicial foreclosure state," and "there is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." *Upperman v. Deutsche Bank Nat'l Trust Co.*, No. 1:10cv149, 2010 WL 1610414, at *2-4 (E.D. Va. Apr. 16, 2010), *aff'd* 4th Cir. No. 10-2308 (Feb. 25, 2011). Further, as stated by the court in *Gallant v. Deutsche Bank Nat. Trust Co.*, "[a] defendant's inability to produce the original note [does] not render the foreclosure sale invalid, and [a] plaintiff's claim to the contrary must be dismissed." 766 F. Supp. 2d 714, 721 (W.D. Va. 2011). In sum, the plaintiffs' legal claim runs contrary to Virginia law, and cannot go forward.

### iii. *The plaintiffs' double recovery claim fails under Virginia law*

Third, the plaintiffs claim that because the defendants have already been indemnified, the foreclosure sale of the Property resulted in an impermissible double recovery. Yet, double recovery is simply an established defense in Virginia. *Nizan v. Wells Fargo*, 274 Va. 481 (2007). "That defense does not allow individuals in default on a mortgage to offset their outstanding obligations by pointing to the mortgagee's unrelated investment income." *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 626 n.4 (4th Cir. 2011). The law does not support double recovery as a claim, and further, the plaintiffs could not even employ the defense here because it does not protect defaulting mortgagors. In short, the plaintiffs' contention that the defendants will gain an impermissible double recovery by foreclosing the Property has no factual support or legal foundation.

Accordingly, the Court will grants the defendants' motions and dismiss the plaintiffs' FDCPA, double recovery, and "show me the note" claims.

### B. The plaintiffs' RESPA claim survives as to Wells Fargo only

In regards to their RESPA claim involving the defendants' failure to respond to a QWR, the plaintiffs have failed to state a prima facie case as it relates to BWW and Equity—that claim must be dismissed with prejudice. As it relates to Wells Fargo, however, the plaintiffs' claim is not ripe and must be dismissed without prejudice.

#### i. *The plaintiffs do not state a valid RESPA claim against BWW and Equity*

The plaintiffs argue that the defendants failed to respond to their QWR of February 10, 2012, which rendered them unable to gain information related to other potential claims. Importantly, only the servicers of a loan are required to respond to QWRs. *See* 12 U.S.C. § 2605(e)(1)(A); *Carter v. Countrywide Home Loans, Inc.*, No. 3:07-cv-3651, 2008 U.S. Dist. Lexis 67014, at *19-22 (E.D. Va. Sept. 3, 2008). The Complaint does not specifically mention Equity and BWW in reference to the RESPA claim, but insofar as the Complaint alleges their failure to respond to the QWR, the claim fails. First, the Complaint does not allege any wrongdoing on behalf of BWW or Equity. Second, the Complaint does not allege that BWW or Equity engages in any loan servicing, let alone whether they serviced the plaintiffs' loan. Finally, the two defendants state they do not engage in loan servicing in any case. For these reasons, the plaintiffs RESPA claim against BWW and Equity will be dismissed with prejudice.

#### ii. *The plaintiffs claim regarding RESPA was not ripe at time the Complaint was filed*

Having dismissed all other claims with prejudice, the remaining claim in this case involves Wells Fargo's alleged failure to respond to the plaintiff's QWR of February 10, 2012. If required, acknowledgment of the QWR would have been due on March 9, 2012, and a substantive response would have been required by May 14, 2012. *See* 12 U.S.C. §§ 2605(e)(1)(A) and 2605(e)(2). The Complaint in this case was filed on February 21, 2012.

Notably, the Supreme Court has held that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Further, this Court ruled in a case involving a virtually identical RESPA claim that:

> [B]ecause [the plaintiff] filed suit before Wells Fargo [the defendant] was obligated to respond, Plaintiffs' RESPA claim as to the [QWR] was unripe and fails as a matter of law. The court will therefore dismiss the RESPA claim against Wells Fargo in its entirety.

*Caminero v. Wells Fargo Bank N.A.*, No. 1:07cv800, 2008 WL 640264, at *6 (E.D. Va. 2008). The plaintiffs in this case filed the Complaint weeks before Wells Fargo was required to even acknowledge receipt of the QWR. For this reason, the Court will dismiss the RESPA claim without prejudice due to a lack of ripeness.

## V. Conclusion

For the reasons stated herein, the Court will grant the defendants' motions to dismiss under Rule 12(b)(6) with regard to the claims involving the FDCPA, double recovery, and the "show me the note" theory, as the Complaint fails to state a plausible claim for which relief may be granted; these claims will be dismissed with prejudice. Because it is not ripe, the RESPA claim against Wells Fargo will be dismissed without prejudice.

An appropriate order shall issue.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and mail a copy via U.S. Mail to the *pro se* plaintiffs.

Date: July 30, 2012
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge